# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** vs. **ANAS SAID**     Defendant | **CRIMINAL NO. 4:24-561** |

## UNOPPOSED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCLOSURE OF DISCOVERY MATERIALS

Pursuant to Rules 16, 49.1(e), and 26.2 of the Federal Rules of Criminal Procedure, the government files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials to protect individually identifiable information, protect ongoing criminal investigations, maintain the integrity of the judicial process, and to promote timely resolution of this case. Specifically, the government proposes:

That with respect to any materials (or copies thereof) provided by the government to the defense in the course of the discovery process in this case, regardless of when such materials were produced (hereafter "Discovery Materials"):

1. Except as provided below, Discovery Materials shall not be further disseminated[1] by the defendant or his counsel to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

assist in the preparation of the defense or determine if a plea of guilty is appropriate.

2. No Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

3. Defense counsel shall advise any person to whom the discovery materials are disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

4. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

5. Discovery Material shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be permitted

        to make notes of the content of said materials and keep such notes with him or disseminate such notes or the contents thereof to anyone other than his attorney or members of his attorney's staff.

6. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

7. The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the government, all Discovery Materials shall be returned to the government.

8. The Discovery Materials include certain "Sensitive Information," which includes, among other types of information, any actual or cover name, identifier, or online account name used by Federal Bureau of Investigation ("FBI") undercover personnel such as any FBI Confidential Human Source ("CHS"), Undercover Employee ("UCE"), or Online Covert Employee ("OCE"), and any other descriptors, photographs, or video/audio recordings that could lead to the identity of a CHS, UCE, or OCE. Such Sensitive Information should be designated and labelled as such by the government but remains Sensitive Information regardless of such labelling. To designate and label such Sensitive Information, the government shall use the following designation, on the material itself, in an accompanying cover letter, or on a diskette cover or label: "SENSITIVE INFORMATION." The failure to

designate any materials as Sensitive Information as provided in this Order shall not constitute a waiver of a party's assertion that the materials are covered by this paragraph. In addition to the protections listed above applying to all Discovery Materials, further protections specifically apply to Sensitive Information, namely:

a. The parties will not publicly disclose any Sensitive Information, including the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE or any other information that could lead to the identity of a CHS, UCE, or OCE, including photographs, video/audio recordings, in any pretrial filing or at any pretrial hearing in open court. The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to this paragraph the Order.

b. The parties will not disseminate any Sensitive Information, including information about a CHS, UCE, or OCE except to (a) members of the defense team; and (b) experts or outside investigators retained to assist in the preparation of the defense. The procedures set forth above, in paragraphs 1-4, for obtaining authorization to share Discovery Materials with non-defense team members, i.e., experts or outside investigators, apply as well to Sensitive Information. Defense counsel must seek and obtain *ex parte* Court authorization for such disclosure and the recipient must sign the Acknowledgement (Appendix A) of his or her obligation to comply with the Order.

c. No one other than the defense counsel may maintain CHS/UCE/OCE-related Sensitive Information.

d. Sensitive Information concerning a CHS, UCE, or OCE will be used solely for the purpose of allowing the defense team to prepare the defendant's case and for no other purpose.

e. All recordings and/or documents in which a CHS and/or UCE and/or OCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE, may be copied or reproduced ONLY for use by members of the defense team, excluding the defendant, and non-defense team members authorized to be in receipt of such information, and may only be provided to further the investigation and preparation of this case.

f. All Sensitive Information that consists of recordings and/or documents—including any copies or reproductions thereof—in which a CHS and/or UCE and/or OCE can be seen or heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team, but excluding the defendant. No one other than the defense counsel may maintain such recordings and/or documents, as described above.

    g. The government will request to delete the true name of any CHS, UCE, or OCE from discovery. The government may also request to delete the cover name and/or online account name of any CHS/UCE/OCE from discovery if such deletion is necessary to protect the identity and security of the CHS/UCE/OCE.

9. Within 90 days of any final judgment in this case by the later of: i) the sentencing of the defendant, ii) the defendant's appeal, if any, or iii) dismissal of the indictment with or without prejudice; or within 90 days of the termination of a particular defense counsel's representation, the defendant and defendant's counsel shall return to the government all Discovery Materials (including any copies thereof), or shall destroy them and certify in writing to counsel for the government that such materials have been destroyed. Furthermore, the defense counsel may maintain work product containing Sensitive Information subject to the protections of this Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

10. This Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

11. Should any Discovery Materials be improperly disclosed by a member of the defense team or a non-defense team member authorized to be in receipt of the Sensitive Information, then defense counsel shall use his or her best efforts to obtain the return of any such Discovery Materials and to bind the recipient of Discovery Materials to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the government of the unauthorized disclosure and identify the circumstances thereof.

12. Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

13. This Order shall survive the termination of this criminal case and shall continue in full force and effect thereafter.

I. <u>Background</u>

The defendant is charged with attempting to provide material support and resources to a designated foreign terrorist organization, in violation of 18 U.S.C. §§ 2339B and 2. A grand jury returned an indictment with this charge on October 30, 2024 (Dkt. No. 1).

The nature of the case renders this matter an unusual case involving complex legal and factual issues. Moreover, as observed in the Memorandum of Law Regarding the Classified Information Procedures Act and Request for an Order Designating Classified

7

Information Security Officer, matters relating to classified information may arise in connection with this case. (Dkt. No. 10). The defendant has pled not guilty and through counsel has requested discovery. Discovery is substantial and contains information potentially related to FBI undercover personnel and other Sensitive Information provided in this case.

Discovery in this case includes the following types of materials, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case.

To facilitate the timely resolution of the case, the government intends to go beyond its discovery obligations by providing copies of all discovery materials through a secure electronic file exchange or on encrypted hard drives to be supplied by the defendant's counsel, but will only be able to do so if it can be assured that the materials are adequately protected. The government's file exchange and/or encrypted hard drives will enable the defense attorneys to securely access the discovery and allow them to make hard copies of the discovery if they so choose. If any party wishes to use a document as an exhibit to a motion or at trial, that party would be responsible for complying with the standard rules regarding protecting personal identifying information by redacting the document and/or seeking leave to file the document under seal.

Accordingly, to safely and timely facilitate the discovery in this case, the government seeks the proposed protective order.

II. Authority for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause. *Id*. Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

III. Conclusion

The government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above. The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendant's interest in full and efficient discovery. The compelling interests of protecting the discovery in this case based upon the

nature of the charge constitutes more than adequate good cause to enter the requested protective order. Further, the defendant does not oppose this motion.

        Respectfully submitted,

        ALAMDAR S. HAMDANI
        UNITED STATES ATTORNEY

By: */s/ Steven Schammel*
    STEVEN SCHAMMEL
    Assistant United States Attorney
    U.S. Attorney's Office
    1000 Louisiana, Ste. 2300
    Houston, Texas 77002
    (713) 567-9325

    */s/ Heather Winter*
    HEATHER WINTER
    Assistant United States Attorney
    U.S. Attorney's Office
    1000 Louisiana, Ste. 2300
    Houston, Texas 77002
    (713) 567-9000

## CERTIFICATE OF CONFERENCE

On November 13, 2024, I conferred with counsel for the defendant, and he indicated that he is not opposed to the relief requested herein.

                                                */s/ Steven Schammel*
                                                STEVEN SCHAMMEL
                                                Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, I electronically filed the foregoing document with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record.

                                                */s/ Steven Schammel*
                                                STEVEN SCHAMMEL
                                                Assistant United States Attorney